**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH EUGENE NAGY** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civ. Action No. 3:07-CV-368-K** |
| | § | |
| **ELIANA GEORGE, et al,** | § | **ECF** |
| | § | |
| **Defendants.** | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred by the District Court to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court are the following:

1. *Motion to Dismiss* (Doc. # 8) by Defendant Blakeley Hall, filed March 19, 2007;

2. *Defendant The Honorable Judge H.G. Andrews' Motion for Partial Dismissal and Motion for Rule 7 Reply* (Doc. # 10), filed March 20, 2007;

3. *Motion for Rule 7 Reply* (Doc. # 22) by Defendant Blakeley Hall, filed March 26, 2007;

4. *Defendant's, Honorable Galen Ray Sumrow, Motion for Partial Dismissal and Motion for Rule 7 Reply* (Doc. # 30), filed April 2, 2007;

5. *ACS' Motion to Dismiss Pursuant to FRCP 12(b)(5) and Brief in Support* (Doc. # 33), filed April 5, 2007;

6. *Defendant Kathleen Kennedy's Motion to Dismiss* (Doc. # 38), filed April 10, 2007;

7. *Defendants Wells Fargo Bank, N.A. and Barrett Burke Wilson Castle Daffin & Frappier, LLP's Rule 21 Motion to Sever Claims and Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction* (Doc. # 74), filed June 14, 2007.

Based on the filings and applicable law, this Court recommends that the motions of

Defendants be **GRANTED** in part, and **DENIED** in part.

## I.  BACKGROUND

On February 27, 2007, Plaintiff Joseph Eugene Nagy filed this civil rights action alleging claims under 10 U.S.C. § 1054, 42 U.S.C. §§ 1983, 1985, 1986, 28 U.S.C. § 1343, 18 U.S.C. §§ 372, 1514, and under the Fifth and Fourteenth Amendments to the United States Constitution.  (*See* Compl. at 6-7).  Plaintiff specifically states that his claims against five of the defendants—namely, Eliana I. George[1] ("Ex-wife George"), Kathleen Kennedy [2]("Attorney Kennedy"), Blakeley Hall[3] ("Attorney Hall"), Judge H.G. Andrews[4] ("Judge Andrews"), and Affiliated Computer Services, Inc.[5] ("ACS")—arise from or are related to a final divorce decree entered by the state court.  (*See* Compl. at 9).  Plaintiff's claims against defendants Wells Fargo Bank, N.A.[6] ("Wells Fargo") and Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.[7] ("Barrett Burke") arise from the servicing of his mortgage note, and a foreclosure action under state law.  (Compl. at 10).  Plaintiff's claims against David Sanducci[8] ("Broker Sanducci") appear to relate to an IRA account at Park Capital that is owned by Plaintiff.  (*See* Compl. at 34, 44, 50).  The basis of Plaintiff's claims against Galen Ray

---

[1]  Ms. George is plaintiff's ex-wife.

[2]  Ms. Kennedy is an attorney who represented plaintiff's ex-wife in their divorce proceeding.

[3]  Mr. Hall is an attorney that plaintiff retained to represent him in the divorce proceeding.

[4]  Judge Andrews is a retired visiting state judge who was appointed to preside over plaintiff's divorce matter.

[5]  ACS is plaintiff's former employer.

[6]  Wells Fargo was the servicer on the mortgage notes for plaintiff's residence(s).

[7]  Barrett Burke is a law firm that represented Well Fargo in foreclosure of mortgage notes on plaintiff's residence(s).

[8]  Mr. Sanducci is a securities broker.

Sumrow[9] ("DA Sumrow") cannot be readily ascertained from the complaint.[10]   Although his complaint is unclear, Plaintiff also seems to allege the following claims under state law: intentional and negligent infliction of emotional distress, interference with family relations, deprivation of parental rights, legal malpractice, discrimination, pain and suffering, harassment, fraud, bribery, violations of the Texas Family Code, alienation of affection, misrepresentation, injury to a child, gross negligence, legal fraud, real estate fraud, and conspiracy.  (*See* Compl. at 7).  Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.  (*Id.* at 8, 48).

Several Defendants have filed motions to dismiss.  Attorney Hall, DA Sumrow, and Judge Andrews filed motions to dismiss certain claims under Rule 12(b)(1) and 12(b)(6), along with motions to order Plaintiff to file a Rule 7(a) Reply to their qualified immunity defense and to stay all discovery pending a reply and decision on qualified immunity.  ACS filed a motion to dismiss under Rule 12(b)(5) on the grounds that service of process is insufficient.  Wells Fargo and Barrett Burke move to dismiss under Rule 12(b)(1) because Plaintiff's claims against them do not arise under federal law and there is no basis for diversity jurisdiction.  Wells Fargo and Barrett Burke also move the Court to sever the claims against them from the rest of the lawsuit.  Attorney Kennedy filed a motion to dismiss under Rules 12(b)(1), 12(b)(6), 9(b), 8(c), and 28 U.S.C. § 1367(c).  Although the Court entered several orders providing Plaintiff with an opportunity to respond to

---

[9]  Mr. Sumrow is the Rockwall County Criminal District Attorney.

[10]  The Court notes that Plaintiff names the Attorney General of Texas as a defendant, but after thorough review of his complaint, it appears he has not alleged any specific claims against the Attorney General.  Further, the docket reflects that a summons issued as to all defendants except the Attorney General of Texas on February 27, 2007.  *See* Doc. No. 2, (3:07-CV-0368-K) (N.D. Tex. Feb. 27, 2007).  Thus, it appears that Plaintiff has not served the Attorney General of Texas with process.  Since Plaintiff has not pleaded any claims against the Attorney General of Texas and has not served the Attorney General with summons and complaint, it appears Plaintiff does not intend to further litigate this case against Attorney General of Texas.

Defendants' motions, Plaintiff only filed responses to the motions by Attorney Hall and Judge Andrews.  The issues are now ripe for decision.

## II.  RULE 12(b)(1) MOTIONS

Although several of the Defendants move for dismissal based on Rule 12(b)(1), only Attorney Kennedy moves under Rule 12(b)(1) to dismiss Plaintiff's federal claims on the grounds that the *Rooker-Feldman* doctrine[11] deprives the Court of jurisdiction.   (*See* Def. Kathleen Kennedy's Mot. at 1-3).  Because the other Defendants' Rule 12(b)(1) motions challenge the Court's jurisdiction over Plaintiff's state law claims, the Court first addresses the federal claims.

Plaintiff alleges his federal claims arise under 10 U.S.C. § 1054, 42 U.S.C. §§ 1983, 1985, 1986, 28 U.S.C. §1343, 18 U.S.C. §§ 372, 1514, and under the Fifth and Fourteenth Amendments to the United States Constitution.  (*See* Compl. at 6-7).  Specifically, Plaintiff argues that George, Attorney Kennedy, Attorney Hall, Judge Andrews and ACS "acted in concert to deprive [him] of his due process and equal protection rights" during the divorce proceedings.  (*See* Compl. at 9).  Plaintiff further alleges that the discriminatory divorce decree denies him equal rights to spend time with his children.  (*Id.* at 8).  Because neither Plaintiff nor his attorney were allegedly present when the state court entered the final decree, he contends that his due process rights were violated and the divorce decree is unconstitutional.  (*See* Compl. at 27, ¶ 85).  Based on these allegations, it appears that jurisdiction might be proper under 42 U.S.C. §§ 1983, 1985, 1986, and 28 U.S.C. § 1343,[12] but

---

[11]  The *Rooker-Feldman* doctrine takes its name from two Supreme Court decisions, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

[12]  "A party may maintain an action under 42 U.S.C. § 1983 for violations of the due process clause of the Fourteenth Amendment if it can show that it has been deprived of 'life, liberty or property, without due process of law.'" *Maritrend, Inc. v. Galveston Wharves*, 152 F.R.D. 543, 553 (S.D. Tex. 1993); *see also Sonnier v. Francis*, No. H-06-0016, 2006 WL 126720, at *3 (S.D. Tex. Jan 17, 2006) (recognizing the "Due Process Clause found in the Fifth and Fourteenth Amendments to the United States Constitution generally prohibits any governmental action that

4

not the other statutes upon which Plaintiff relies.[13]  For purposes in this section, the Court limits its analysis to whether there is jurisdiction over Plaintiff's  federal claims under 42 U.S.C. §§ 1983, 1985, 1986 and 28 U.S.C. § 1343.

## A.      Legal Standard

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges a federal court's subject matter jurisdiction.  *See* FED. R. CIV. P. 12(b)(1).  "Federal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

"When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam)).  Considering rule 12(b)(1) motions first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice."  *Id.*  When the court dismisses for lack of subject matter jurisdiction, that dismissal "is not a determination of the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper

---

interferes with life, liberty, or property without due process of law").  Section 1985 prohibits a conspiracy to deprive a person of equal protection of the laws, or of equal privileges and immunities under the laws.  *See* 42 U.S.C. § 1985(3).  Further, the Fifth Circuit has recognized that 28 U.S.C. § 1343 is the jurisdictional counterpart to § 1983 and § 1985(3) claims.  *See Robinson v. Price*, 553 F.2d 918, 919 (5th Cir. 1977); *see also Dennis v. Higgins*, 498 U.S. 439, 446 n.5 (1991).  Lastly, § 1986 imposes liability on those who have knowledge of a conspiracy as described in § 1985 but neglect or refuse to prevent the conspiracy.  42 U.S.C. § 1986.

[13]   The Court will address these other statutes in Section IV.

jurisdiction." *Id.*

The Fifth Circuit recognizes a distinction between a "facial attack" and a "factual attack" upon a complaint's subject matter jurisdiction. *Rodriguez v. Tex. Comm'n on the Arts*, 992 F. Supp. 876, 878 (N.D. Tex. 1998). "A facial attack requires the court merely to decide if the plaintiff has correctly alleged a basis for subject matter jurisdiction" by examining the allegations in the complaint, which are presumed to be true. *Id.* (citation omitted). If the defendant supports the motion with evidence, however, then the attack is "factual" and "no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Regardless of the attack, "[t]he plaintiff constantly bears the burden of proof that jurisdiction does exist." *Rodriguez*, 992 F. Supp. at 879 ("The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.") (citations omitted).

In this case, Defendants do not support their motion with evidence, but rather argue that the law does not confer subject matter jurisdiction over Plaintiff's claims. Because this is a facial attack, deciding the issues raised by the parties does not require the Court's resolution of disputed factual matters outside the pleadings. Accordingly, all of Plaintiff's factual allegations will be accepted as true. *See Williamson*, 645 F. 2d at 412.

**B.      The *Rooker-Feldman* doctrine**

Although only Attorney Kennedy has moved to dismiss Plaintiff's federal claims based on the *Rooker-Feldman* doctrine, *Rooker-Feldman* is a jurisdictional doctrine that the Court can raise *sua sponte*. *See Holleman v. West End Cab Co.*, No. 3:01-CV-1166-R, 2001 WL 1295520, at *1 (N.D. Tex. Oct. 9, 2001); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 465-66 (5th Cir.

1999).  Moreover, a district court has "the responsibility to consider the question of subject matter jurisdiction *sua sponte* if it is not raised by the parties."  *Giannakos v. M/V Bravo Trader*, 762 F2d 1295, 1297 (5th Cir. 1985).  If the court finds that it lacks subject matter jurisdiction, it has a duty to dismiss the case.  *Id.*; FED. R. CIV. P. 12(h)(3).  The Court can therefore consider the jurisdictional issue in light of Plaintiff's claims against all Defendants.

Plaintiff expressly states that his claims against "five Defendants" arise from the final divorce decree, which was entered by the state trial court.  (*See* Compl. at 9).  Plaintiff further asks the Court to enter an order that enjoins Defendants from enforcing the divorce decree and that appoints Plaintiff the "Temporary Managing Conservator of the children, Stephen Joel Nagy and Thomas Elliot Nagy, until the Court determines the custody arrangement that [is] in the best interest of the children."  (*See* Compl. at 48, 50).  Such allegations necessarily ask the Court to collaterally review the state court's final divorce decree.

Under 28 U.S.C. §1257, the United States Supreme Court has exclusive jurisdiction to review final judgments or decrees entered by the highest court of a state.  *Id.*  In this case, the divorce decree that the state court entered on or about March 17, 2004 is a final judgment because Plaintiff has not alleged that any issues concerning this matter are presently pending in state court and the deadlines for Plaintiff to seek appellate review have long since expired.  *See* TEX. R. APP. P. 26.1, 53.7.  With the *Rooker-Feldman* doctrine, the Supreme Court "definitively established . . . that 'federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts.'"  *See Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (quoting *Liedtke v. State Bar*, 18 F.3d 315, 317 (5th Cir. 1994)).  "This jurisdictional bar is not limited to actions in federal court that explicitly seek review of a state court decision, but also

extends to those 'in which the constitutional claims presented . . . are inextricably intertwined with the state court's grant or denial of relief.'" *Jordaan v. Hall*, 275 F. Supp. 2d 778, 788 (N.D. Tex. 2003) (quoting *Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986)).

Under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994). "It is hornbook law that no court of the United States—other than the United States Supreme Court—can entertain a proceeding to reverse, modify, or otherwise engage in an appellate review of, a state court decision." *Jordaan*, 275 F. Supp. 2d at 788. When a federal action attempts to circumvent the state appellate process to collaterally attack the validity of state court judgments and final orders, the lower federal courts lack subject matter jurisdiction over such action. *See id.* at 788-89. The *Rooker-Feldman* doctrine is applicable, however, only to the extent a state court judgment merits full faith and credit. *Richard v. Hoechst Celanese Chem. Group, Inc.,* 355 F.3d 345, 350 (5th Cir. 2003); *In re Lease Oil Antitrust Litig.,* 200 F.3d 317, 319 n. 1 (5th Cir. 2000) (noting that the doctrine is consistent with the Full Faith and Credit Act, 28 U.S.C. § 1738).

Although the Supreme Court recently sought to clarify the precise contours of the *Rooker-Feldman* doctrine in light of various interpretations "in the lower courts," the clarification does not appear to alter the cited precedent. *See Exxon Mobil Corp. v. Saudi Basic Indus.*, 125 S. Ct. 1517, 1521-28 (2005). As delineated by *Exxon Mobil Corp.*, "the *Rooker-Feldman* doctrine . . . is confined to . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court

review and rejection of those judgments." *Id.* at 1521-22.

Plaintiff's complaint is replete with allegations that defendants violated his due process and equal protection rights when the state court entered a final divorce decree that neither he or his attorney were present to sign, when the state court entered a custody and visitation schedule that violates his equal rights to parent his children, when the state court awarded 60% of Plaintiff's retirement accounts to his ex-wife and only allocated 15% of the debt to her, and when defendants conspired to deny his due process rights. (*See e.g.*, Compl. at 6-9, 27, 48, 50). Plaintiff's allegation that the divorce decree is unconstitutional is a direct invitation for this Court to review the validity of the state court's decision. His claims of an alleged conspiracy between defendants to violate his due process rights is in effect another challenge to the validity of the state court's decision. "The *Rooker-Feldman* doctrine has frequently been used to dismiss civil rights complaints that, like [Plaintiff's], are in essence challenges to state court divorce decrees." *Bell v. Valdez*, 207 F.3d 657, 657 (5th Cir. 2000) (citing *Wijas v. Nelson*, No. 92-3606, 1994 WL 117988, at *1 (7th Cir. 1994); *Pilkington v. Pilkington*, 389 F.2d 32, 33 (8th Cir. 1968); *Carlock v. Williams*, No. 98-5545, 1999 WL 454880, at *2 (6th Cir. 1999); *Shgeir v. Martin*, No. 3:97-CV-1887-P, 1997 WL 587482, at *2 (N.D. Tex. 1997); *cf. Logan v. Lillie*, 965 F. Supp. 695, 699 n.6 (E.D. Pa. 1997)). It is plainly evident that Plaintiff seeks a reversal of the final divorce decree through the guise of a civil rights action. *Shgeir*, 1997 WL 587482, at 2 (noting that the Fifth Circuit has long held that a plaintiff may not seek reversal of a state court decision "by casting a complaint in the form of a civil rights action"). In other words, Plaintiff's federal claims are inextricably intertwined with the state court's decision against Plaintiff.

In summary, the *Rooker-Feldman* doctrine divests this Court of jurisdiction over Plaintiff's

claims arising out of his divorce.  In reviewing Plaintiff's alleged §§ 1983, 1985, and 1986 claims, the Court would necessarily have to rule upon whether the state court wrongly decided the custody, visitation, and division of marital property issues in the divorce decree.  Because Plaintiff's claims concerning the state court proceedings are "inextricably intertwined" with the rulings of the state court, this Court lacks subject matter jurisdiction to entertain such claims.  Accordingly, the Court should dismiss all of Plaintiff's claims under §§ 1983, 1985, 1986 and 28 U.S.C. § 1343 against George, Attorney Kennedy, Attorney Hall, Judge Andrews, and ACS for lack of jurisdiction.

## C.     Other Defendants' Rule 12(b)(1) Motions

Wells Fargo and Barrett Burke move the Court to dismiss Plaintiff's claims of intentional or neglectful infliction of emotional distress, legal malpractice, legal fraud, fraud, real estate fraud, discrimination, conspiracy, pain and suffering, and gross negligence under Rule 12(b)(1) because these claims do not arise under federal law and diversity jurisdiction is lacking.  (*See* Br. in Support of Defs. Wells Fargo's & Barrett Burke's Mot. at 12-13).  Attorney Hall, DA Sumrow, and Judge Andrews also move to dismiss Plaintiff's state law claims under Rule 12(b)(1) because there is no cause of action for negligent infliction of emotional distress, interference with family relations, deprivation of parental rights, or the tort of pain and suffering.  (*See* DA Sumrow's Mot. for Partial Dismissal at 3-5; Judge Andrews' Mot. for Partial Dismissal at 3-5; Attorney Hall's Mem. in Support of Mot. at 3-6).   In light of the Court's recommendation to decline supplemental jurisdiction over these state law claims, discussed in Section VII, Wells Fargo's, Barrett Burke's, Attorney Hall's, Judge Andrews' and DA Sumrow's motions to dismiss under Rule 12(b)(1) are moot.  *See Ctr. for Marine Conservation v. Brown*, 917 F. Supp. 1128, 1142 (S.D. Tex. 1996) (noting that an issue is moot when an event occurs that prevents a court from granting any effectual

10

relief).  Accordingly, these Defendants' Rule 12(b)(1) motions should be **DENIED**.

### III.  RULE 12(b)(5) MOTION TO DISMISS

ACS has filed a motion dismiss based on rule 12(b)(5) contending that service of process is insufficient because Plaintiff failed to serve an authorized representative of the corporation and he personally mailed the complaint and summons.  (*See* ACS's Mot. at 2-3).  Rule 12(b)(5) "permits a challenge to the method of service attempted by the plaintiff," or the lack of delivery of the summons and complaint.  *See* FED. R. CIV. P. 12(b)(5); *Tinsely v. Comm'r of I.R.S.*, No. 3:96-CV-1769-P, 1998 WL 59481, at *3 (N.D. Tex. Feb. 9, 1998).  A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Rule 4 of the Federal Rules of Civil Procedure.  *See Pavlov v. Parsons*, 574 F. Supp. 393, 399 (S.D. Tex. 1983) (holding the court had personal jurisdiction over defendants because plaintiff properly served them in compliance with Rule 4).

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint.  FED. R. CIV. P. 4(c)(1).  Subsection (2) of rule 4 provides that "[s]ervice may be effected by any person *who is not a party* and who is at least 18 years of age."  FED. R. CIV. P. 4(c)(2) (emphasis added).  Various provisions under rule 4 describe the method of service for particular defendants.

A foreign or domestic corporation may be served pursuant to the law of the state in which the district court is located, or by delivering a copy of the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process.  FED. R. CIV. P. 4(e)(1) & (h)(1).  Under Texas law, the president, vice president, and registered agent of a corporation "shall be agents of such corporation upon whom any process . . .

may be served." TEX. BUS. CORP. ACT, art. 2.11 A.  Rule 103 of the Texas Rules of Civil Procedure

provides that a sheriff, constable, or any person authorized by law or by written order of the court

not less than 18 years of age and *who is not a party* or interest in the outcome of the suit may serve

any process.  TEX. R. CIV. P. 103 (emphasis added).  Further, under Rule 106(a)(2), a person

authorized by Rule 103 may serve a defendant by "mailing to the defendant by registered or certified

mail, return receipt requested, a true copy of the citation with a copy of the petition attached

thereto."  TEX. R. CIV. P. 106(a)(2).  The federal rules impose a duty on a defendant to avoid

unnecessary costs of serving the summons.  *See* FED. R. CIV. P. 4(d).  "To avoid costs, the plaintiff

may notify such a defendant of the commencement of the action and request that the defendant

waive service of a summons." *Id.*  Regardless of which method of service is employed, a defendant

must either be served or waive service within 120 days after the complaint is filed.  *See* FED. R. CIV.

P. 4(m).

The proof of service in the Court's record indicates Plaintiff served process on ACS by mail

to an address in Dallas, Texas.  *See* Doc. No. 12, (3:07-CV-368-K) (N.D. Tex. Mar. 23, 2007).  ACS

argues that Plaintiff violated state and federal rules by mailing a copy of the summons and complaint

himself, and because Plaintiff did not cause summons to issue in the name of an authorized agent.

(*See* ACS' Mot. at 2-3).  ACS is correct that the proof of service Plaintiff filed for ACS does not

show that Plaintiff named an authorized agent of ACS for service of process.  *See* Doc. No. 12,

(3:07-CV-368-K) (N.D. Tex. Mar. 23, 2007).  Plaintiff must serve an authorized agent of a

corporation as set forth in Rule 4(h)(1) or in article 2.11 of the Texas Business Corporation Act.  *See*

FED. R. CIV. P. 4(h)(1); TEX. BUS. CORP. ACT, art. 2.11 A.

Furthermore, when service of process is made by certified mail, Texas law requires that the

return receipt card must be signed by the addressee.  TEX. R. CIV. P. 107; *see also Keeton v. Carrasco*, 53 S.W.3d 13, 19 (Tex. App.—San Antonio 2001, pet. denied).  When the return receipt card is not signed by the addressee, service of process is defective.  *Keeton*, 53 S.W.3d at 19; *Southwestern Security Servs. Inc. v. Gamboa*, 172 S.W.3d 90, 92 (Tex. App.—El Paso 2005, no pet.).  The proof of service in the Court's record for ACS does not contain a copy of the return receipt card.  *See* Doc. No. 12, (3:07-CV-368-K) (N.D. Tex. Mar. 23, 2007).  In addition, Plaintiff is a party to this action.  Neither the federal rules of civil procedure nor the state rules of civil procedure allow a party to serve process.  *See* FED. R. CIV. P. 4(c)(2); TEX. R. CIV. P. 103; *see also Delta Steamships Lines, Inc. v. Albano*, 768 F.2d 728, 730 (5th Cir. 1985) (holding that plaintiff's attempt to serve defendants by certified mail, restricted delivery, did not comport with either state or federal requirements because none of the persons authorized by Rule 103 were involved).  Accordingly, Plaintiff's attempts to serve the ACS were ineffective.  *See Kleppinger v. Associates Corp. of N. Am.*, No. 3:99-CV-1662-L, 2003 WL 22329032, at *2-*3 (N.D. Tex. Oct. 6, 2003).

The Court notes that dismissal based on insufficient service of process, when Plaintiff's deadline for serving has not expired, is usually without prejudice allow plaintiff an opportunity to effect proper service.  *See Grant-Brooks v. Nationscredit Home Equity Services Corp.*, No. 3:01-CV-2327, 2002 WL 424566, at *5 (N.D. Tex. Mar. 15, 2002).  As an alternative to dismissal, a district court has discretion to quash service and give the plaintiff an additional opportunity to properly effect service.  *See Shabazz v. Service Employees Int's Union*, No. CIV. A 3:04-CV-229-M, 2004 WL 1585808, at *2 (N.D. Tex. July 13, 2004) (citing *Cross v. City of Grand Prairie*, No. CIV. A. 3:96-CV-0446-P, 1998 WL 133143, at *7 (N.D. Tex. Mar. 17, 1998); *Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d. Cir. 1985); *Grant-Brooks*, 2002 WL 424566, at *4).  Relevant

factors for a court to consider in exercising its discretion to quash service or dismiss the complaint

include a plaintiff's *pro se* status and good faith attempt to effect service. *See Monroe v. Texas Util.*

*Co.*, No. CIV.A. 3:01-CV-1012-D, 2002 WL 413866, at *2-3 (N.D. Tex. Mar. 11, 2002)(Fitzwater,

J.).

Plaintiff has failed to establish that he effected proper service in compliance with Rule

4(c)(1).  It nevertheless appears that by mailing the summons, Plaintiff made a good faith effort to

obtain service on ACS.  In a similar situation in *Monroe v. Texas Utilities Company*, the District

Court determined that the plaintiff should receive assistance with effecting proper service in order

to avoid further delays and unnecessary expense. *See Monroe*, 2002 WL 413866, at *3.  Consistent

with that decision, the Court sets forth similar procedures.  Plaintiff shall obtain a Waiver of Service

of Summons form from the clerk of this Court without delay.  FED. R. CIV. P. APP., Form 1A.  By

July 15, 2007, ACS shall provide Plaintiff with the name and address of the corporation's registered

agent.  Plaintiff shall then send two copies of this waiver form and a copy of his complaint by first

class mail to ACS's registered agent. The Court reminds ACS that "[a]n individual, corporation, or

association that is subject to service under [Rule 4](e), (f), or (h) and that receives notice of an action

in the manner provided in [Rule 4(d)] has a duty to avoid unnecessary costs of serving the

summons."  FED. R. CIV. P. 4(d)(2).  The court will not hesitate to impose costs on ACS if it fails

to comply with the request for waiver without good cause.  FED. R. CIV. P. 4(d).

If ACS waives service, Plaintiff shall promptly file the executed waiver form with the district

clerk.  If ACS fails to return the executed waiver of service form to plaintiff within 30 days after

receipt, Plaintiff shall serve the registered agent of defendant with a summons and a copy of the

complaint either personally or by certified or registered mail. Plaintiff must file proof of service with

the district clerk by September 15, 2007. Plaintiff is warned that failure to obtain proper service may result in the dismissal of this case under Rule 4(m). For these reasons, the Court recommends that Defendant ACS's Motion to Dismiss under Rule 12(b)(5) be **DENIED**.

## IV.  RULE 12(b)(6) MOTIONS TO DISMISS

Attorney Kennedy moves to dismiss Plaintiff's claims under 10 U.S.C. §1054, and 18 U.S.C. §§ 372, 1514, pursuant to Rule 12(b)(6) for failure to state a claim.[14] (*See* Attorney Kennedy's Mot. at 1-2). Although none of the other Defendants filed a Rule 12(b)(6) motion attacking these federal claims in Plaintiff's complaint, a district court can *sua sponte* consider the sufficiency of Plaintiff's complaint. *See Guthrie v. Tifco Indus.*, 941 F.2d 374, 379 (5th Cir. 1991) (holding that the district court was authorized to consider the sufficiency of the complaint even thought defendant did not file a Rule 12(b)(6) motion).

### A.    Legal Standard

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Manguno v. Prudential Prop. & Cas. Ins. Co.,* 276 F.3d 720, 725 (5th Cir. 2002). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal,* 75 F.3d 190, 196 (5th Cir. 1996). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore,* 636 F.2d 986, 988 (5th Cir. 1981). However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-plead facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace,* 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-plead facts as true

---

[14] Attorney Kennedy also asks the Court to dismiss any claims alleged under 28 U.S.C. § 2281 and § 2284 under Rule 12(b)(6). (*See* Attorney Kennedy's Br. in Support of Mot. at 11-12). In his complaint, Plaintiff states he requests three-judge panel pursuant to 28 U.S.C. §§ 2281 and 2284. (*See* Compl. at 6-7). There are no claims brought under these statutes.

and view them in the light most favorable to the plaintiff. *Baker,* 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and that a recovery is very remote and unlikely." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1965 (2007).   A plaintiff is required, however, to provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.*  In short, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

## B.    Claims Pursuant to Federal Statutes

Plaintiff's complaint asserts his claims arise under 10 U.S.C. § 1054.  (*See* Compl. at 6). However, this statute does not authorize a cause of action by a private citizen, like Plaintiff, against any of the Defendants.  Based on its plain language, this is a statute pertaining to the defense of, and remedy available for, legal malpractice suits against "an attorney, paralegal, or other member of a legal staff within the Department of Defense . . . or within the Coast Guard."  *Id.*  Thus, Plaintiff cannot maintain a claim under § 1054.[15]

Similarly, Plaintiff asserts 18 U.S.C. § 372 is a basis for his federal claims.  (*See* Compl. at 6).  Notwithstanding, § 372 is a criminal statute that defines the offense of "conspiracy to impede or injure [an] officer."  *Id.*  "Criminal statutes can neither be enforced by civil action nor by private parties."  *Hassell v. United States,* 203 F.R.D. 241, 244 (N.D. Tex. 1999).  Thus, to the extent that Plaintiff alleges a claim under 18 U.S.C. § 372, it must be dismissed for failing to state a claim.[16]

---

[15] Plaintiff has conceded that 10 U.S.C. § 1054 is inapplicable.  (*See* Plaintiff's Resp. to Attorney Hall's Mot. at 13).

[16]  In his response to Attorney Hall's motion to dismiss, Plaintiff explains that he intended "to state [a claim under] 18 U.S.C. 371 not 372."  (*See id.*).  Plaintiff has not amended his complaint to reflect such a change. Nonetheless, any amendment to add 18 U.S.C. § 371 as a statutory basis for his claims would be futile because § 371

*Id.*

Finally, Plaintiff alleges 18 U.S.C. §1514 also provides a basis for his claims.  (*See* Compl. at 6).  This statute authorizes a  federal district court to entertain a civil action brought by "an attorney for the Government" that seeks a temporary restraining order to prohibit harassment of a victim or witness in a Federal criminal case.  *Id.*  Plaintiff is neither "an attorney for the Government," nor seeking to restrain the harassment of a victim or witness in a criminal proceeding.  Thus, he fails to state a claim under 18 U.S.C. § 1514.

Accordingly, Attorney Kennedy's motion to dismiss under Rule 12(b)(6) should be **GRANTED**.  The Court should dismiss Plaintiff's claims under 10 U.S.C. § 1054, and 18 U.S.C. §§ 372, 1514 as asserted against all Defendants with prejudice because these claims are legally untenable.

## C.    State Law Claims

Attorney Hall, DA Sumrow and Judge Andrews alternatively move the Court to dismiss Plaintiff state law claims of negligent infliction of emotional distress, interference with family relations, deprivation of parental rights, and pain and suffering under Rule 12(b)(6) for failure to state a claim.  (*See* Hall's Mem. in Support of Mot. at 3-5, DA Sumrow Mot. at 3-5, Judge Andrews' Mot. at 3-5).  Because these claims arise under state law, if any, and the Court has herein recommended declining supplemental jurisdiction, the motions to dismiss are moot.  *See Brown*, 917 F. Supp. at 1142.  Accordingly, the Court recommends that Attorney Hall's, DA Sumrow's and Judge Andrews' motions to dismiss under Rule 12(b)(6) be **DENIED** as moot.

---

is a criminal statute that defines the offense of conspiracy against the United States.  *See* 18 U.S.C. § 371.  There is no right to bring a civil cause of action under § 371.

17

## V.  MOTION TO SEVER

Wells Fargo and Barrett Burke move the Court to sever Plaintiff's claims against them under Rule 21 of the Federal Rules of Civil Procedure. (*See* Br. in Support of Defs. Wells Fargo & Barrett Burke's Mot. at 8-12).   Plaintiff's claims against these defendants arise from a foreclosure proceeding. (*See* Compl. at 10, ¶18).  Specifically, Plaintiff alleges Wells Fargo and Barrett Burke are liable for legal malpractice, fraud, real estate fraud, discrimination, conspiracy, pain and suffering, and gross negligence. (*See* Compl. at 45-46, ¶¶195, 196, 199, 200, 201, 202, 204, 205. All of these claims arise under state law.  In light of the foregoing recommendation that the Court decline supplemental jurisdiction over Plaintiff's state law claims, the motion to sever is moot.  *See Williams v. Dallas Indep. Sch. Dist.*, No. 3:04-CV-1386-L, 2005 WL 2317985, at *13 (N.D. Tex. Sept. 21, 2005).  Accordingly, Defendants Wells Fargo's and Barrett Burke's motion to sever should be **DENIED** as moot.

## VI.  MOTIONS FOR RULE 7 REPLY AND TO STAY DISCOVERY

Attorney Hall, DA Sumrow and Judge Andrews have also filed motions asking the Court to order Plaintiff to file a Rule 7(a) reply to their qualified immunity defense asserted against Plaintiff's civil rights claims and to stay discovery pending Plaintiff's reply. (*See* Hall's Answer with Mot. at 9-11, DA Sumrow Mot. at 13-16, Judge Andrews' Mot. at 11-17).  In light of the Court's finding that Plaintiff's civil rights claims are barred by the *Rooker-Feldman* doctrine, Defendants' motions for a Rule 7(a) reply and to stay discovery are moot.  *See Brown*, 917 F. Supp. at 1142.  Accordingly, Attorney Hall's, DA Sumrow's, and Judge Andrews' motions for a Rule 7 reply and to stay discovery should be **DENIED**.

## VII.  PENDENT JURISDICTION

Attorney Kennedy argues that the Court should dismiss Plaintiff's claims for intentional and neglectful infliction of emotional distress, interference with family relations, deprivation of parental rights, legal malpractice, pain and suffering, fraud, bribery, violations of the Texas Family Code, alienation of affection, misrepresentation, injury to a child, gross, negligence, legal fraud, and real estate fraud pursuant to its authority in 28 U.S.C. § 1367(c).  (*See* Attorney Kennedy's Br. in Support of Mot. at 14).  A district court has "jurisdiction over all claims that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  Since the Court lacks jurisdiction over all, but one,[17] of Plaintiff's claims under federal law, it should consider whether it is appropriate to exercise supplemental jurisdiction over Plaintiff's state law claims.

In determining whether to retain jurisdiction over the state law claims, the court considers the provisions of 28 U.S.C. § 1367(c) and issues of judicial economy, convenience, fairness, and comity.  *Jones v. Adam's Mark Hotel*, 840 F. Supp. 66, 69 (S.D. Tex. 1993).  Section 1367(c) states:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if–
>
> (1)    the claim raises a novel or complex issue of State law,
>
> (2)    the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3)    the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4)    in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

---

[17]  Plaintiff's remaining federal claim is delineated in Section VIII.

28 U.S.C. § 1367(c).  Even when claims are so closely related to claims within the Court's original jurisdiction that they an be viewed as forming a part of the same case or controversy, federal district courts may elect not to entertain them.  The general rule in this circuit is to decline to exercise supplemental jurisdiction when all federal claims are dismissed or eliminated prior to trial.  *See Wong v. Stripling*, 811 F.2d 200, 204 (5th Cir. 1989).  However, the rule is "neither mandatory nor absolute."  *Smith v. Amedisys Inc.*, 298 F.3d 434, 447 (5th Cir. 2002) (quoting *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (1999)).  Rather, whether to exercise such jurisdiction after dismissing the underlying federal claims is a matter left to the sound discretion of the Court.  *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *Heaton v. Monogram Credit Card Bank*, 231 F.3d 994, 997 (5th Cir. 2000).

In this case, the Court recommends that all but one of Plaintiff's claims arising under federal law should be dismissed for lack of jurisdiction under the *Rooker-Feldman* doctrine.  If the district court accepts this recommendation, the only federal claim remaining would be his employment discrimination claim.  The state law claims do not directly arise or relate to the conditions surrounding the termination of Plaintiff's employment.  Rather, the remaining state law claims arise from the divorce proceeding, the forfeiture proceeding, a criminal proceeding, and a matter concerning an IRA account.  Thus, the state law claims are not so intertwined with the Title VII claims as to make dismissal unduly prejudicial.  This case has not been pending for an extended amount of time since Plaintiff's complaint was filed February 27, 2007.  No depositions have been taken; no pretrial case management orders have been entered; and no trial date is imminent.  Accordingly, deferring these claims to the appropriate state court will not impinge on judicial economy, convenience, and fairness.

For these reasons, if the Court dismisses Plaintiff's federal claims in accordance with these findings and recommendation, it should decline to exercise pendent or supplemental jurisdiction over his state claims. The Court should dismiss the state law claims without prejudice to allow Plaintiff the opportunity to pursue them in state court. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

## VII. MISCELLANEOUS MOTIONS

Attorney Kennedy alternatively move the Court to dismiss Plaintiff's complaint under Fed. R. Civ. P. 9(b) for failure to plead fraud with particularity, and Fed. R. Civ. P. 8(e) for failure to set forth simple, concise, and direct averments. (*See* Attorney Kennedy's Mot. at 1). "[A] Rule 9(b) motion to dismiss for failure to plead with particularity is treated as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief may be granted." *Action Tapes, Inc. v. Atmel Corp., Inc.*, No. 3:04-CV-1376-P, 2005 WL 170712, at *1 (N.D. Tex. Jan. 25, 2005) (citing *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017 (5th Cir. 1996)). In light of the Court's recommendation herein that Attorney Kennedy's motions to dismiss under Rule 12(b)(1) and Rule 12(b)(6) be granted and all of Plaintiff's claims against her be dismissed, the alternative motions to dismiss Plaintiff's complaint under Rule 9(b) and Rule 8(e) are moot.

## VIII. REMAINING FEDERAL CLAIMS

It is difficult to discern whether any other claims asserted in Plaintiff's complaint arise under federal law. Without distinguishing between state and federal claims, Plaintiff provides a laundry list of his claims in a single paragraph, wherein he alleges Defendants are collectively liable for:

> the alleged intentional and neglectful infliction of emotional distress, for the fraudulent Joint Legal Custody agreement written and executed "ex parte" at Joseph Eugene Nagy and Eliana I. Nagy's final divorce hearing that grossly failed in fiduciary commitment to Stephen Joel Nagy and Thomas Elliot Nagy and effectively

21

removed Joseph Eugene Nagy's Constitutional rights, for the interference with family relations, for the deprivation of parental rights, for legal malpractice, for discrimination, for pain and suffering, for harassment, for fraud, for bribery, for violations of the Texas Family Code, for alienation of affection, for misrepresentation, for injury to child, for gross negligence, for legal fraud, for real estate fraud, for conspiracy, for State officials acting under color of law, and for the combination or conspiracy to act in the restraint of trade.

(Compl. at 7, ¶12).  In subsequent paragraphs, Plaintiff appears to further specify which claims are alleged against particular defendants.  For example, as previously discussed, Plaintiff specifically states that his claims for alleged due process violations and conspiracy are brought against five of the defendants.  (*See* Compl. at 9, ¶16).  Similarly, Plaintiff specifies that his claims for discrimination are brought against his former employer, ACS, and his claims "concerning the present foreclosure of his home located in Rowlett, Texas and a previous foreclosure" are alleged against Defendants Wells Fargo and Barrett Burke.  (*See* Compl. at 9-10, ¶¶17-18).  Further, in paragraphs 194 through 206—again without specifying whether they are based on state or federal law—Plaintiff restates his claims as alleged against groups of defendants.  (*See* Compl. at 45-47). After thorough review of Plaintiff's allegations, it appears that the only other claim—apart from the civil rights and conspiracy claims—that could arise under federal law is the discrimination claim against ACS.

In support of his discrimination claim, Plaintiff alleges that ACS wrongfully withheld his property, that ACS paid other employees who were terminated a higher severance pay, and that ACS refused to pay him for 796 hours of accumulated holiday, sick, and vacation hours.  (*See* Compl. at ¶¶137-138, 140-141, 143, 148, 151-152, 155, 157-158, 160-164, 179).  While Plaintiff does not specify the statutory basis for this claim, an employment discrimination claim can be brought under

state[18] or federal[19] law.  Construing Plaintiff's *pro se* complaint liberally, it appears Plaintiff alleges

an employment discrimination claim under Title VII.[20]  *See Ledbetter v. Goodyear Tire & Rubber*

*Co.*, 127 S.Ct. 2162 (2007) (construing limitations period for pay discrimination claims under Title

VII); *see also Manning v. Chevron Chemical Co.*, *L.L.C.*, 322 F.3d 874, 883 (5th Cir. 2003)

(reviewing claim of discrimination for failure to pay severance package under Title VII).  Thus, this

Court has subject-matter jurisdiction over Plaintiff's discrimination claim alleged against ACS.

Although ACS has filed a motion to dismiss under Rule 12(b)(5) that the Court has herein addressed,

there is no motion before the Court challenging the merits of Plaintiff's claim.  Accordingly,

Plaintiff's discrimination claim remains before the Court pending further disposition.

## IX.  RECOMMENDATION

For the foregoing reasons, the Court recommends that *Defendant Kathleen Kennedy's*

*Motion to Dismiss* (Doc. # 38) be granted.  The Court should dismiss without prejudice Plaintiff's

claims under 42 U.S.C. §§ 1983, 1985, 1986, and 28 U.S.C. § 1343 asserted against Attorney

Kennedy under Rule 12(b)(1) for lack of jurisdiction.  It should further dismiss Plaintiff's claims

under 10 U.S.C. § 1054, and 18 U.S.C. §§ 372, 1514, with prejudice for failure to state a claim.

In addition, the Court should *sua sponte* dismiss Plaintiff's claims under 10 U.S.C. §1054,

---

[18]  A claim of employment discrimination can be brought under state law based on the Texas Commission on Human Rights Act ("TCHRA").  *See* TEX. LAB. CODE §21.001 *et seq.*  The TCHRA prohibits an employer from discriminating against an individual with respect to compensation, or the terms, conditions, or privileges of employment because of race, color, disability, religion, sex, and national origin.  *See* TEX. LAB. CODE §21.051.

[19]  A claim of unlawful discrimination that adversely affected the terms and conditions of employment can be brought under various federal statutes, *i.e.*, 42 U.S.C. §2000e-2(a)(1) ("Title VII), and 42 U.S.C. § 1981 as amended by the Civil Rights Act of 1991.

[20]  Plaintiff's *pro se* complaint complains of employment discrimination without specifically alleging Title VII.  This Court, however, must liberally construe *pro se* complaints.  *United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996); *see also Securities & Exchange Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993).  In this light, Plaintiff's discrimination claim is based, at least in part, on Title VII.

18 U.S.C. §§ 372, 1514,  42 U.S.C. §§ 1983, 1985, 1986, and 28 U.S.C. §1343 as alleged against all Defendants.

The Court further recommends that Plaintiff's pendent state law claims against all Defendants be dismissed without prejudice.

The Court further recommends that the *Motion to Dismiss* (Doc. # 8) and *Motion for Rule 7 Reply* (Doc. # 22) by Defendant Blakeley Hall; *Defendant The Honorable Judge H.G. Andrews' Motion for Partial Dismissal and Motion for Rule 7 Reply* (Doc. # 10); and *Defendant's Honorable Galen Ray Sumrow, Motion for Partial Dismissal and Motion for Rule 7 Reply* (Doc. # 30) be **DENIED** as moot.

Furthermore, the Court recommends that *Defendants Wells Fargo Bank N.A. and Barrett Burke Wilson Castle Daffin & Frappier, L.L.P.'s Rule 21 Motion to Sever Claims and Rule 12(b)(1) Motion to Dismiss for Lack of Subject-Matter Jurisdiction* (Doc. # 74) be **DENIED** as moot.

The Court recommends that *ACS' Motion to Dismiss Pursuant to FRCP 12(b)(5)* (Doc. # 33) be **DENIED**, but that service of process on Defendant ACS be quashed and Plaintiff be given an extension until September 15, 2007, to file proof of service with the Clerk of the Court.

In light of the foregoing recommendations, the only claim remaining for trial is Plaintiff's alleged employment discrimination claim against Defendant ACS.

**SO RECOMMENDED** on this 30th day of June, 2007.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings and recommendation on all parties by mailing a copy to each of them.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings and recommendation must file and serve written objections within ten (10) days after being served with a copy.  A party filing objections must specifically identify those findings or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings, legal conclusions, and recommendation of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).


IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE