**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **JOSEPH E. NAGY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:07-CV-368-K (BH)** |
| | § | |
| **ELIANA I. GEORGE, et al.,** | § | |
| | § | |
| **Defendants.** | § | **Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS

Pursuant to Special Order 3-251, this case was referred to this Court for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations to the District Court on dispositive motions. Before the Court are the following:

(1) *Defendant Affiliated Computer Services, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment* ("Mot."), filed September 14, 2007;

(2) *Defendant Affiliated Computer Services, Inc.'s Memorandum of Law in Support of Its Motion to Dismiss or, in the Alternative, for Summary Judgment* ("Mot. Br."), filed September 14, 2007;

(3) *Plaintiff Joseph Eugene Nagy's Response to the Motion for Summary Judgment* ("Resp."), filed October 16, 2007; and

(4) *Defendant Affiliate Computer Services, Inc.'s Reply to Plaintiff's Response to Motion to Dismiss and/or for Summary Judgment* ("Reply"), filed October 24, 2007.

Having reviewed the pertinent filings above and the law applicable to the issues raised, the Court finds that Defendant's motion for summary judgment should be **GRANTED**.

## I. BACKGROUND

Plaintiff Joseph E. Nagy ("Plaintiff") was employed by Defendant Affiliated Computer Services ("ACS") for approximately nine and one-half years. *Complaint*, *Nagy v. George*, No. 3:07-

CV-368-K, at 9-10, ¶17 (N.D. Tex. filed Feb. 27, 2007) (hereinafter, "Compl."). Plaintiff's

employment with Defendant ACS commenced on or about April 15, 1996, and ended when he was

terminated or about December 2, 2005. *Id*. at 12, ¶13; 35, ¶148; Mot. App. at 2, ¶3. Upon his

termination, Plaintiff received a severance package amounting to $9,247.78, less payroll taxes and

authorized deductions. (Mot. App. at 4, 7). As a condition of his separation agreement, Plaintiff

signed a release and covenant not to sue, including but not limited, to all claims of employment

discrimination. (*Id*. at 4-6).

On February 27, 2007, Plaintiff filed a civil rights action against Defendant ACS.[1] Plaintiff

alleges that Defendant ACS discriminated against him by failing to pay for his 796 hours of

accumulated sick, vacation, and holiday leave when they terminated his employment. (Compl. at

9-10, ¶17; *see* Mot. App. at 7). He further alleges that Defendant ACS discriminated against him

by paying other terminated employees a higher severance. (Compl. at 35, ¶148). Although he did

not state a basis for discrimination in his Complaint, the Court has interpreted these allegations as

a claim of employment discrimination brought under Title VII. *Nagy v. George*, 2007 WL 2122175,

at *12 (N.D. Tex. July 23, 2007).

Defendant ACS filed the instant motion on September 14, 2007. Because it included

evidence outside of the pleadings, the Court gave notice that it was converting it to a summary

judgment motion under Federal Rule of Civil Procedure 56. (*Order*, issued Sept. 26, 2007).

## II.  STANDARD OF REVIEW

Summary judgment is appropriate when the pleadings and evidence on file show that no

---

[1]Plaintiff's complaint alleged numerous claims against various defendants. *See* Compl. On June 30, 2007, the Court entered Findings, Conclusions, and Recommendations recommending that all of Plaintiff's claims be dismissed, with the exception of Plaintiff's Title VII claim against Defendant ACS; the District Court adopted these findings on July 23, 2007. *Nagy*, 2007 WL 2122175, at *1.

genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. Fed. R. Civ. P. 56(c).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element

essential to his case and as to which he will bear the burden of proof at trial.  *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff.  *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam);  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218  (N.D. Tex. 1990).  However, the courts have no obligation under Federal Rule of Civil Procedure 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment."  *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).  Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim."  *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

## III.  ANALYSIS

Title VII of the Civil Rights Act prohibits discrimination against "any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. § 2000e-2.  Before an individual can pursue a Title VII claim in federal court, he must first exhaust his available administrative remedies.  *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002).  Title VII requires that a complainant must first file a charge with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful employment practice occurred.  42 U.S.C. § 2000e-5(e)(1).  The timely filing of a charge with the EEOC is a prerequisite to maintaining a Title VII action.  *See United Air Lines, Inc. v. Evans*, 431 U.S. 553, 555 n. 4 (1977); *Price v. Choctaw Glove*

*& Safety Co., Inc.*, 459 F.3d 595, 598 (5th Cir. 2006). If the EEOC dismisses a claim, it then issues a right-to-sue letter. 42 U.S.C. §2000e-5(f)(1). Once the EEOC has issued a right-to-sue letter, the complainant has 90 days in which to file a Title VII action in federal court. *Id.* Receipt of the right-to-sue letter is a condition precedent, not a jurisdictional prerequisite, to bringing a Title VII action in federal court. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 398 (1982); *Pinkard v. Pullman-Standard, a Div. of Pullman, Inc.*, 678 F.2d 1211, 1216 (5th Cir. 1982).

In the instant case, Defendant ACS contends that Plaintiff failed to exhaust his available administrative remedies. (Mot. Br. at 5-6). Specifically, Defendant ACS states that Plaintiff failed to produce evidence that he filed a charge of discrimination with the EEOC. (Mot. Br. at 5). Ashley Hugghins, the record custodian for Defendant ACS, avers that Defendant ACS never received a charge of discrimination from the EEOC pertaining to Plaintiff's allegations. (Mot. App. at 2, ¶4). Defendant ACS further states that Plaintiff failed to produce a right-to-sue letter from the EEOC. (Mot. Br. at 5-6). Based on the absence of an EEOC charge of discrimination and the absence of a right-to-sue letter, the Court finds that Defendant ACS has met its initial burden to show there is no genuine issue of material fact that Plaintiff failed to exhaust his administrative remedies. *Celotex*, 477 U.S. at 323; *see Keeley v. Cisco Sys.*, 2003 WL 21919771, *3 (N.D. Tex. Aug. 8, 2003) (Fitzwater, J.) (a defendant can meet its summary judgment obligation by pointing the court to the absence of evidence to support a required element of a plaintiff's case).

The burden now shifts to Plaintiff to direct the Court's attention to evidence in the record sufficient to establish a genuine issue of material fact that he exhausted his available administrative remedies. *Celotex*, 477 U.S. at 324. Plaintiff's response contains no evidence. (*See* Resp.). He failed to produce any EEOC charge of discrimination, let alone one that was filed within 300 days

after his termination date.  Plaintiff objects to Defendant ACS's averment that it never received a charge of discrimination from the EEOC.  (Resp. at 8; *see* Mot. App. at 2, ¶4).  He interprets this averment as proof that he did in fact file a charge of discrimination with the EEOC, but this unsubstantiated assertion fails to satisfy his burden at the summary judgment stage.[2]  *Little*, 37 F.3d at 1075.  The fact remains that Plaintiff failed to produce evidence that he filed a charge of discrimination with the EEOC.  Likewise, Plaintiff failed to produce a right-to-sue letter, which is a condition precedent to suit.

Plaintiff also claims that he never received his personnel file from Defendant ACS.  (Resp. at 1-2).  This statement appears to raise an argument for equitable tolling since he alleges that the contents of this file are "critical to this and any future legal proceedings and further supports the continuance of the Statute of Limitations therein."  (Resp. at 2).  Filing a timely charge of discrimination with the EEOC is a requirement subject to waiver, estoppel, and equitable tolling.  *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982).  However, for the Court to consider whether equitable tolling applies, it must first have evidence that an EEOC charge was filed.  As stated previously, Plaintiff presented no evidence that he filed such a charge with the EEOC.

Because Plaintiff presented no evidence of an EEOC charge or a right-to-sue letter, the Court finds that Plaintiff has not met his summary judgment burden to show that he satisfied the conditions precedent to filing a Title VII action.  *Price*, 459 F.3d at 598; *Pinkard*, 678 F.2d at 1216.  Accordingly, no genuine issue of material fact remains that Plaintiff failed to exhaust his available

---

[2]To the extent that Plaintiff's objection to the declaration of Ashley Hugghins constitutes a motion to strike, it is **DENIED**.

administrative remedies, and summary judgment should be granted in favor of Defendant ACS.[3]

*Celotex*, 477 U.S. at 322-23.

## IV.  CONCLUSION

For the reasons stated above, the Court recommends that *Defendant Affiliated Computer Services, Inc.'s Motion to Dismiss or, in the Alternative, for Summary Judgment* be **GRANTED**. Plaintiff's Title VII claims against Defendant ACS should be **DISMISSED**, with prejudice.

**SO RECOMMENDED** on this 29th day of February, 2008.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

[3]Because Plaintiff's failure to exhaust his available administrative remedies provides sufficient grounds for granting summary judgment, the Court need not address Defendant ACS's alternate grounds for summary judgment that Plaintiff failed to allege membership in a protected class or that he released Defendant ACS from all claims of discrimination.  (Mot. Br. at 6-7).  The Court notes, however, that upon receipt of his severance package amounting to $9,247.78, Plaintiff signed a release and covenant not to sue, including but not limited to all claims of employment discrimination.  (Mot. App. at 4, 7).  A party may validly waive claims that existed on the day he signs a release, although he may not waive future claims.  *Rogers v. General Elec. Co.*, 781 F.2d 452, 454 (5th Cir. 1986).  Plaintiff does not dispute that he signed the release, nor does he dispute that he received the severance package.  Plaintiff alleges that he signed the release under duress but presents no evidence in support of this claim.  (Resp. at 8).  Plaintiff's unsubstantiated allegation of duress is insufficient to meet his burden of demonstrating that the release was invalid.  *Williams v. Phillips Petroleum Co.*, 23 F.3d 930, 935 (5th Cir. 1994).  Accordingly, summary judgment is also proper on this ground.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985)*; Perales v. Casillas*, 950 F.2d 1066, 1070 (5th Cir. 1992). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE